FILED

09/12/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0729

DA 16-0729

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 227N

IN THE MATTER OF THE GUARDIANSHIP
AND CONSERVATORSHIP OF:

A.M.M., an Alleged Incapacitated Person.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                In and For the County of Lake, Cause Nos. DG 14-2 and DG 14-3
                Honorable James A. Manley, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Genet McCann, Avalon Law, LLC, Big Sky, Montana

        For Appellee:

            Sean Goicoechea, Thomas Hollo, Moore, Cockrell, Goicoechea & Johnson,
            P.C., Kalispell, Montana

                            Submitted on Briefs:  July 12, 2017

                                    Decided:  September 12, 2017

Filed:



_____
                Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Genet McCann appeals an order quashing her subpoena by the Twentieth Judicial District Court, Lake County. We address the following issues: (1) whether the District Court erred by quashing McCann's subpoena; and (2) whether the District Court erred by awarding attorney fees. We affirm.

¶3 On March 14, 2014, the District Court adjudicated A.M.M. as an incompetent person and appointed Casey Emerson as guardian.[1] In January of 2014, Emerson hired Comfort Keepers to provide in-home care services to A.M.M. Since hired, McCann has harassed, intimidated, and interfered with Comfort Keepers and its employees' care of A.M.M. On February 2, 2015, the District Court deemed it necessary to issue a preliminary injunction, requiring that visits between McCann and A.M.M. could take place only with Emerson or a caregiver in the room; McCann could not speak with or in front of A.M.M. about matters which would foreseeably cause her stress and anxiety; McCann could not interfere with Emerson's lawful exercise of authority; and McCann could not make

---

1 Emerson's appointment as A.M.M.'s permanent guardian was previously challenged by McCann's brother, Timothy McCann. We affirmed the District Court's appointment of Emerson as permanent guardian in *In Re Guardianship of A.M.M.*, 2015 MT 250, ¶¶ 35-42, 380 Mont. 451, 356 P.3d 474 (*A.M.M. I*).

2

derogatory remarks about caregivers in A.M.M.'s presence. McCann appealed the District Court's issuance of the preliminary injunction and we affirmed the District Court. *In Re Guardianship of A.M.M.*, 2016 MT 213, ¶ 18, 384 Mont. 413, 380 P.3d 736 (*A.M.M. II*).

¶4     On September 15, 2016, an incident occurred where McCann harassed a Comfort Keepers caregiver and caused a scene in front of A.M.M. Since that incident, McCann has called and emailed Comfort Keepers employees, threatening to file a complaint with the Comfort Keepers franchisor, and make claims against its insurance carrier.

¶5     On September 30, 2016, McCann sent a subpoena to CenturyLink, Comfort Keepers' telecommunications provider, seeking all phone and text records of "[Phone Number], assigned to Comfort Keepers and/or Shelley J. Bruce, owner" for the entire month of September, in order to identify what McCann contended was a false report filed with the Polson police regarding the September 15 incident. On October 10, 2016, CenturyLink sent a copy of the subpoena to Comfort Keepers, along with a letter instructing Comfort Keepers to file any objections with the District Court by October 16, 2016. Comfort Keepers did not receive the letter until October 18, 2016. On October 19, 2016, Comfort Keepers' counsel received an email from CenturyLink that no records had been released yet. McCann did not serve Comfort Keepers with the subpoena, so the letter from Century Link was Comfort Keepers' first knowledge of the subpoena. On October 20, 2016, Comfort Keepers filed an Emergency Motion to Quash the subpoena, which the District Court granted. The District Court awarded attorney fees to Comfort Keepers.

¶6     We review orders denying discovery requests for abuse of discretion. *State v. Peters*, 2011 MT 274, ¶ 22, 362 Mont. 389, 264 P.3d 1124. "An abuse of discretion occurs

3

when the district court acts arbitrarily without employing conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice." *Peters*, ¶ 22. We review sanctions imposed pursuant to M. R. Civ. P. 45(d)(1) and 26(g)(3) for abuse of discretion. *Fjelstad v. State ex rel. Dep't of Highways*, 267 Mont. 211, 226-27, 883 P.2d 106, 115 (1994). Where legal authority exists to award attorney fees, we review a district court's decision to grant or deny the fees for an abuse of discretion. *Wohl v. City of Missoula*, 2013 MT 46, ¶ 29, 369 Mont. 108, 300 P.3d 1119.

¶7 Comfort Keepers contends McCann's appeal should be dismissed for several reasons: (1) McCann's Notice of Appeal is untimely; (2) McCann did not provide notice of her appeal to any of the parties; and (3) the Orders at issue in McCann's appeal are not appealable. McCann argues that the appeal is timely because she appealed within thirty days of the District Court's order on fees, and that she has now made proper service on all parties to the appeal. Because of McCann's history with this litigation,[2] we determine it appropriate to address the substance—or more specifically, lack thereof—of McCann's arguments.

¶8 The District Court did not abuse its discretion when it quashed McCann's subpoena and awarded Comfort Keepers attorney fees. McCann's subpoena requested all of Comfort Keepers' phone records for a month. The subpoena would have given McCann records that did not pertain to her ostensible issue and would infringe on the privacy of other clients

---

[2] In *A.M.M. II*, we affirmed the District Court's previous imposition of sanctions on McCann, noting that before eventually sanctioning McCann, the District Court "demonstrated leniency and tolerance." *A.M.M. II*, ¶ 26.

of Comfort Keepers. The subpoena is impermissibly broad, and the District Court acted in accordance with M. R. Civ. P. 45(d)(3)(iii), which declares that a subpoena requiring the disclosure of privileged or protected matter must be quashed. McCann violated M. R. Civ. P. 45(c)(1) by failing to give proper notice to all parties involved. M. R. Civ. P. 45(d)(1) and 26(g)(3) require proper penalties for her improper issuance of a subpoena that roped Comfort Keepers into this litigation, and therefore failed to avoid placing undue burden on Comfort Keepers. The District Court did not abuse its discretion in its award of attorney fees as it properly imposed sanctions for McCann's violation of the Rules of Civil Procedure.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of this Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not an abuse of discretion. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON

5